

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. WR-71,401-01 & WR-71,401-02

## EX PARTE JUAN RAUL NAVARRO RAMIREZ, Applicant

## ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS CAUSE NO. CR-0551-04-G(1) IN THE 370TH JUDICIAL DISTRICT COURT OF HIDALGO COUNTY

**ALCALA, J., filed a concurring statement.**

## CONCURRING STATEMENT

I join this Court's order denying and dismissing the applications for a post-conviction writ of habeas corpus filed by Juan Raul Navarro Ramirez, applicant. I write to address applicant's claims asserting that his intellectual disability bars his execution under the Eighth and Fourteenth Amendments to the federal Constitution.

Although he pleaded in his initial application and in his subsequent application that his intellectual disability precluded his execution, the record indicates that applicant withdrew all of those claims at a hearing before the habeas court, and I, therefore, join the

Court's order denying and dismissing these applications. On October 21, 2014, habeas counsel filed a "Motion of Intent to Withdraw Claims Regarding Mental Impairments." This motion stated, "Ramirez will offer no evidence in support of the [mental impairment] claims because no credible evidence currently exists." About two weeks later, the habeas court held an evidentiary hearing at which applicant's counsel and applicant himself told the court that he was abandoning these claims. The record shows the following:

| | |
|---|---|
| [Habeas counsel]: | We want to, again, put on the record that we are waiving the MR/intellectual disability claims. And that is Ground For Review—from the application, Ground for Review 2, 3, 4, and 14. |
| The Court: | And those—When you say you're waiving them, what you're saying is you're abandoning them based on evidence that you have received and have been able to be developed during this process of you preparing for the writ; is that correct? |
| [Habeas counsel]: | Right. The MR claim was originally brought by prior habeas counsel, and we have come to learn—we are—we are not feeling confident of the results from the . . . doctor that was hired by prior habeas counsel. |
| The Court: | Have you discussed those issues with your client, and is your client in agreement with that? |
| [Habeas counsel]: | We have discussed it with him. I believe he is. |
| The Court: | All right. Mr. Ramirez, if you can stand again. Mr. Ramirez, you understand that they are abandoning your claims on 2, 3, 4, and 14 of the writ filed on your behalf? Those are having to do with your mental condition. |

[Applicant]:          Right. Can—Real quick?

The Court:            Sure.

(Discussion off the record.)

[Applicant]:          I understand, and I agree with it.

The Court:            All right.

[Habeas counsel]:    Thank you, Your Honor.

I note here that habeas counsel and the habeas court specifically mentioned only the claims by number that were presented in the initial writ. Nonetheless, it appears clear to me that applicant was abandoning his intellectual-disability claims in the initial writ and the subsequent writ because the hearing occurred after the subsequent writ had been filed, and applicant was represented at that hearing by the attorney who filed the subsequent writ. Viewing the comments of the court, habeas counsel, and applicant at the hearing in context, it appears to me that applicant abandoned all of his intellectual-disability claims in his initial and subsequent writs.

With these comments, I join this Court's order.

Filed: October 14, 2015

Do Not Publish